## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARD METAL ADVANTAGE, LLC, ) <br> ) <br> Plaintiff, ) <br> VERSUS ) <br> ) <br> FAMCO MACHINE SHOP ) <br> a Texas Corporation, and DOES 1-10, inclusive ) <br> ) <br> Defendants. ) <br> ) <br> ****************************************** | CIVIL ACTION NO. _____ <br><br><br> JUDGE _____ <br><br><br> MAGISTRATE JUDGE _____ |

## **COMPLAINT**

Plaintiff Hard Metal Advantage, LLC ("Plaintiff") hereby pleads and alleges as follows:

## **JURISDICTION AND VENUE**

1.      This is an action for willful patent infringement under the Patent Act of the United States, including 35 U.S.C. § 271.

2.      This action arises under the Patent Laws of the United States, Title 35 of the United States Code, and under the Trademark Act of 1946, Title 15 of the United States Code. This Court has subject matter jurisdiction over this matter pursuant to 15 USC §1121 (actions arising under the Lanham Act), 28 USC §1331 (actions arising under the laws of the United States), 28 USC §1338(a) (acts of Congress relating to patents), and 28 USC §1338(b) (civil actions asserting a claim of unfair compensation).  This Court further has supplemental jurisdiction over any claims in this action that arise under state statutory and common law pursuant to 28 U.S.C. § 1367 in that any such claims that may arise under state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue over these claims is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because, among other reasons, Defendant FAMCO MACHINE SHOP ("Defendant" and/or "FAMCO") is subject to personal jurisdiction in this judicial district, and has committed, induced and/or contributed to acts of patent infringement in this judicial district.

4. On information and belief, Defendant is subject to the Court's specific and general personal jurisdiction, including by and on account of its conducting business transactions in Lafayette Parish and/or other locations in this judicial district, its direct sales and other activities via its website, pursuant to due process and/or the Louisiana Long Arm Statute, and due at least to its substantial business in this forum, including; (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from sales of products and/or services provided to persons in Lafayette Parish, Louisiana and in this judicial district.

## THE PARTIES

5. Plaintiff Hard Metal Advantage, LLC is a limited liability company organized and existing under the laws of the State of Louisiana.

6. Plaintiff is the sole owner of U.S. Patent No. D649,987 ("the '987 Patent") entitled "Carbide Chip" and U.S. Patent No. D656,167 ("the '167 Patent") entitled "Mill."

7. Plaintiff is informed and believes, and on that basis alleges, that Defendant FAMCO, is, and at all relevant times was, a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 14823 Hooper Rd, Houston, TX 77047. FAMCO's products and services include mills incorporating six-sided hexagonal carbide chips.

8. Plaintiff is unaware of the true names and capacities, whether individuals, corporations, partnerships, joint ventures, sole proprietorships or otherwise, of Defendants "Does 1 through 10," inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of said "Doe Defendants" when they become known. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously named Defendant is responsible in some manner for the occurrences and wrongdoing herein alleged and that Plaintiff's damages were proximately caused by said Defendants' acts.

9. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants was the agent, alter ego, servant co-conspirator and/or representative of each of the of the other remaining Defendants and at all times herein relevant was acting within the authorized scope and course of said agency and employment and all of said acts, conduct or omissions were subsequently ratified by the respective principals and accepted by the principals of the corporate Defendants.

## COUNT I

## PATENT INFRINGEMENT ('987 PATENT)

10. Plaintiff incorporates the allegations of paragraphs 1 through 9 as though fully set forth herein.

11. Plaintiff Hard Metal Advantage is the sole and exclusive owner of the entire right, title and interest in and to the '987 Patent, entitled "Carbide Chip" which was duly issued on December 6, 2011. A copy of the '987 Patent is attached hereto as Exhibit "A."

12. The '987 Patent is drawn to an ornamental design for a tungsten carbide chip suitable for use on a variety of mills and other tools.

13. The patent application which matured into the '987 Patent was prepared and filed with the United States Patent and Trademark Office on February 4, 2010 under the name of Duane C. Dunnahoe, as inventor.

14. After search and examination of the subject patent application, the United States Patent and Trademark Office allowed the subject application and issued the '987 Patent on December 6, 2011.

15. Duane C. Dunnahoe has assigned his interest in the '987 Patent to Hard Metal Advantage, and Hard Metal Advantage is the owner by assignment of the '987 Patent.

16. As the sole and exclusive owner of the '987 Patent, Plaintiff Hard Metal Advantage has the right to pursue all rights, remedies and or causes of action for any infringement thereof.

17. Upon information and belief, FAMCO has been and now is, literally and/or under the doctrine of equivalence, directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '987 Patent in the State of Louisiana, in this judicial district, and elsewhere in the United States by, among other things, selling carbide chips which infringe the '987 Patent. Photographs of such an infringing carbide chip are attached hereto as Exhibit "C."

18. On information and belief, Defendant FAMCO has actual knowledge of the '987 Patent.

19. Defendant FAMCO's infringement of the '987 Patent has been and continues to be willful and deliberate. The deliberate and willful acts of Defendant makes this an exceptional case pursuant to 35 U.S.C. § 285.

20. Plaintiff has been injured and damaged, and will continue to be injured and damaged, by Defendant's infringement of the '987 Patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff unless and until enjoined by this Honorable Court.

## COUNT II

## PATENT INFRINGEMENT ('167 PATENT)

21. Plaintiff incorporates the allegations of paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff Hard Metal Advantage is the sole and exclusive owner of the entire right, title and interest in and to the '167 Patent, entitled "Mill" which was duly issued on March 20, 2012. A copy of the '167 Patent is attached hereto as Exhibit "B."

23. The '167 Patent is drawn to an ornamental design for a mill.

24. The patent application which matured into the '167 Patent was prepared and filed with the United States Patent and Trademark Office on August 8, 2011 under the name of Duane C. Dunnahoe, as inventor.

25. After search and examination of the subject patent application, the United States Patent and Trademark Office allowed the subject application and issued the '167 Patent on March 20, 2012.

26. Duane C. Dunnahoe has assigned his interest in the '167 Patent to Hard Metal Advantage, and Hard Metal Advantage is the owner by assignment of the '167 Patent.

27. As the sole and exclusive owner of the '167 Patent, Plaintiff Hard Metal Advantage has the right to pursue all rights, remedies and or causes of action for any infringement thereof.

28. Upon information and belief, FAMCO has been and now is, literally and/or under the doctrine of equivalence, directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '167 Patent in the State of Louisiana, in this judicial district, and elsewhere in the United States by, among other things, selling carbide chips which infringe the '167 Patent. Photographs of such an infringing mill are attached hereto as Exhibit "D."

29. On information and belief, Defendant FAMCO has actual knowledge of the '167 Patent.

30. Defendant FAMCO's infringement of the '167 Patent has been and continues to be willful and deliberate. The deliberate and willful acts of Defendant makes this an exceptional case pursuant to 35 U.S.C. § 285.

31. Plaintiff has been injured and damaged, and will continue to be injured and damaged, by Defendant's infringement of the '167 Patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff unless and until enjoined by this Honorable Court.

## COUNT III

## TRADE DRESS INFRINGEMENT

32. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 31 of this Complaint.

33. Plaintiff, long prior to the acts complained of herein, has been and is now engaged in interstate commerce and/or the foreign commerce of the United States by virtue of the ongoing sales of a wide and diverse line of tungsten carbide products, and other related products,

including tungsten carbide chips, mills and/or variations thereof (hereinafter "Infringed Products"), and which are the subject of this litigation.

34. The Infringed Products have been sold in great numbers and continue to be extensively sold and serviced by Plaintiff.

35. The appearance of the Infringed Products (hereinafter, the "Trade Dress"), more particularly, the product appearance including the size, shape and/or sculptural configuration is a protectable trade dress under §43(a) of the Lanham Act, which has been infringed by Defendant. See, Exhibits "C" and "D" attached hereto and made a part hereof.

36. Plaintiff derives substantial benefits from selling products bearing the Trade Dress, and the infringement by Defendant has impaired Plaintiff's business.

37. Plaintiff's Infringed Products include distinctive non-functional elements which are incorporated in Defendant's Infringing Products.

38. Plaintiff has used and continues to use its distinctive Trade Dress and, by virtue of widespread sales, the Trade Dress has come to indicate origin with Plaintiff. Plaintiff, by virtue of use of said trade dress on its goods, and through Plaintiff's business and quality standards, has obtained a reputation of the highest quality. Such reputation has given Plaintiff and the Infringed Products and other products of plaintiff a pre-eminent position in the marketplace.

39. The design of the Infringed Products itself, namely their configuration, is a protectable trade dress under §43(a) of the Lanham Act, which has been infringed by Defendant and continues to be infringed on account of Defendant's sale in commerce of Defendant's product.

40. Plaintiff has incurred expense and has devoted substantial resources to make the Infringed Products famous and readily recognizable to consumers. Plaintiff's investments and

efforts have been successful as the Trade Dress has become highly distinctive in the marketplace and denotes to purchasers goods which originate with Plaintiff.

41. Upon information and belief, long after Plaintiff's creation of the Infringed Products, Defendant, with actual and/or constructive knowledge of Plaintiff's Trade Dress, without any authorization from Plaintiff, and in contravention of Plaintiff's trade dress rights, adopted and used a product configuration for its Infringing Products calculated to capitalize on the goodwill and reputation of Plaintiff's Trade Dress. Defendant had as its objective to mimic the distinctive elements of the Trade Dress as a means for unfairly taking advantage of and profiting from the Infringed Products' image and Plaintiff's reputation in the marketplace and unfairly increasing the sale of Defendant's copycat Infringing Products. Defendant has distributed and continues to distribute in interstate commerce to consumers, copycat goods bearing an infringing derivative version of the distinctive features and layout of the Infringed Products' Trade Dress for Defendant's own commercial advantage.

42. Defendant has used and continues to use derivatives, and/or colorable imitations of Plaintiff's Trade Dress in direct competition with Plaintiff. Defendant has used and continues to use these infringing derivatives and/or colorable imitations of Plaintiff's Trade Dress in connection with sales, offering for sale or distribution, advertising and promotion of goods in a manner that is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods.

43. Defendant has deliberately misled and will continue to mislead purchasers, and prospective purchasers, as well as the public at large, to believe, contrary to fact, that Defendant's goods are manufactured, marketed, sponsored or endorsed by, or affiliated with

Plaintiff.  Defendant is unfairly competing with Plaintiff by trading on and disparaging Plaintiff's goodwill symbolized by its Trade Dress.

44. As a direct and proximate result of these acts of unfair competition and trade dress infringement, Plaintiff has sustained and will continue to sustain monetary damages and irreparable injury to its business, goodwill, reputation and profits, in an amount not presently known.  Plaintiff is entitled to judgment for Defendant's profits and any damages sustained by Plaintiffs in consequence of the deliberate nature of the infringement by Defendant in an amount equaling three times said damages.

45. By reason of the acts of Defendant herein alleged, Plaintiff has been damaged, and, unless restrained and enjoined Defendant has and will continue to deceive the public, and otherwise will cause Plaintiff immediate and irreparable harm.

## COUNT IV

## UNFAIR COMPETITION

46. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 45 of this Complaint.

47. Defendant, with full knowledge of the fame of Hard Metal Advantage's rights intended to and did trade on the goodwill associated with such trade dress.

48. Defendant's acts have misled and continue to mislead and deceive consumers as to the source of Defendant's infringing products, permit and accomplish palming off of Defendant's goods as those of Plaintiff, and falsely suggest a connection with Plaintiff.

49. Defendants have engaged in unfair competition, which constitutes an unfair trade practice under Louisiana Revised Statutes 51:1401, *et seq.*

50. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to its valuable trade dress and other rights in an amount to be ascertained at trial.

WHEREFORE, Plaintiff Hard Metal Advantage respectfully prays for judgment in its favor and against defendants as follows:

1. That Defendant FAMCO has infringed U.S. Patent No. D649,987 and U.S. Patent No. D656,167;

2. That Defendant FAMCO be ordered to account for and pay to Plaintiff the damages to Plaintiff arising out of Defendant's infringing activities, together with interest and costs;

3. That the infringement by Defendant be adjudged willful and that the damages to Plaintiff be increased under 35 U.S.C. § 284 to three times the amount found or measured;

4. That Defendant FAMCO and its agents, servants, officers, directors, employees, and all persons or entities acting in concert with Defendant directly or indirectly, be enjoined from infringing, inducing the infringement of or contributing to the infringement of U.S. Patent No. D649,987 and U.S. Patent No. D656,167;

5. That this be adjudged an exceptional case and that Plaintiff be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285;

6. A preliminary injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys and all others acting under or through them, directly or indirectly, from infringing the Trade Dress of Plaintiff;

7. For an order requiring Defendant to recall from its distributors, wholesalers, retailers and customers any product bearing any reproduction, counterfeit, copy or colorable imitation of the Trade Dress;

8. For an order requiring Defendant to be required to account to Plaintiff for any and all profits derived by Defendant from the sale of its goods and for all damages sustained by Plaintiff by reason of said acts of trade dress infringement complained herein.

9. For judgment according to the circumstances of the case, for such sum above the amount found in actual damages, but not to exceed three times such amount as the Court may deem just.

10. For an order requiring that all products, documents, materials, labels, signs, products, packages, wrappings, receptacles and advertisements in Defendant's possession or control bearing the design or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same shall be delivered up; and

11. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Hard Metal Advantage LLC hereby demands a trial by jury of all issues.

Dated:   September 19, 2014                    Respectfully submitted:

                                                       s/Ted M. Anthony
                                                 Ted M. Anthony, La. Bar No.  #21446 (T.A.)
                                                 Karen T. Bordelon, La. Bar No. #20114
                                                 BABINEAUX, POCHÉ, ANTHONY
                                                    & SLAVICH, L.L.C.
                                                 P. O. Box 52169
                                                 Lafayette, Louisiana  70505-2169
                                                 Telephone:  (337) 984-2505
                                                 Fax:  (337) 984-2503
                                                 Email:  tanthony@bpasfirm.com
                                                                         kbordelon@bpasfirm.com

and

Steven B. Rabalais (La. Bar No. 17100)
RABALAIS & HEBERT
701 Robley Drive, Suite 210,
Lafayette, Louisiana 70503
Telephone:  (337) 981-0309
Fax:  (337) 981-0905
Email: srabalais@rhhnet.com