U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 15 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARD METAL ADVANTAGE, L.L.C. §<br>*Plaintiff* § | CIVIL ACTION NO. 6:14-cv-02769 |
| §<br>VERSUS §<br>§ | JUDGE DONALD E. WALTER |
| FAMCO MACHINE SHOP., ET AL §<br>*Defendants* § | MAG. JUDGE PATRICK J. HANNA |
| § | |

**********************************************************************************

## CONSENT JUDGMENT

Plaintiff, Hard Metal Advantage, L.L.C. ("Plaintiff" or "HMA") and Defendant, FAMCO

Machine Shop ("Defendant" or "FAMCO") having agreed to settle this action and having

consented to the entry of this Judgment, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that:

1.      This Court has jurisdiction over all parties to this action.

2.      HMA is the owner of the entire right, title and interest in and to United States

Patent D649,987 ("the '987 Patent") entitled "Carbide Chip" and U.S. Patent No. D656,167

("the '167 Patent") entitled "Mill" pursuant to a valid assignment from the inventor.

3.      Except as set forth in Paragraph 6 below, from and after the date of this Consent

Judgment, neither FAMCO nor its subsidiaries or affiliated entities shall manufacture, use, sell,

offer for sale, market or otherwise commercialize:

(a)      a six-sided tungsten carbide chip as disclosed in U.S. Patent No. D649,987, or any

substantially similar products (collectively "'987 Carbide Chips"); or

2668713.1

(b)    an ornamental design for a six-blade mill as disclosed in U.S. Patent No. D656,167, or any substantially similar products (collectively "'167 Mills").

4.    FAMCO acknowledges that the '987 Patent is valid and enforceable; provided, however, that if the '987 Patent is ever adjudged invalid, or not infringed by a chip that is the same or substantially similar to a Carbide Chip previously sold by FAMCO, by final judgment of a court of competent jurisdiction and not subject to appeal, then FAMCO shall be entitled to Petition this Court for dissolution of this Consent Judgment.

5.    FAMCO acknowledges that the '167 Patent is valid and enforceable; provided, however, that if the '167 Patent is ever adjudged invalid, or not infringed by a mill that is the same or substantially similar to a '167 Mill previously sold by FAMCO, by final judgment of a court of competent jurisdiction and not subject to appeal, then FAMCO shall be entitled to Petition this Court for dissolution of this Consent Judgment.

6.    Permissible Actions:

(a)    In the event that a mill or other similar down-hole tool is provided to FAMCO for redress, refurbishment, repair, or similar work by a customer, and that tool is already dressed with '987 Carbide Chips, FAMCO may remove or "blow off" the '987 Carbide Chips and perform the work requested by the customer using chips or inserts other than '987 Carbide Chips.  FAMCO further agrees that it will not sell or otherwise provide any '167 Mill, whether or not it includes '987 Carbide Chips, to any third party, even if a third party provides a '167 Mill to FAMCO for refurbishment. HMA agrees that such action by FAMCO is not in violation of the Consent Judgment, nor infringement of the Asserted Patents by FAMCO.

(b)    FAMCO may continue to purchase six-sided hexagonal-shaped carbide chips from third parties to be used solely for internal purposes on machine tools, such as but not

limited to, fly cutters or milling cutters. Such six-sided hexagonal-shaped chips will not be used on down-hole tools and will not be sold or otherwise provided to third parties by FAMCO.

(c)     FAMCO may continue to sell blank mill bodies or mill bodies dressed using inserts other than '987 Carbide Chips, and HMA acknowledges the possibility that such mill bodies or similar tools could be dressed, redressed, or otherwise modified by third-parties unaffiliated with FAMCO. HMA agrees that FAMCO is not in violation of this Consent Judgment, nor liable for patent infringement, because of actions by third parties using mill bodies originally sold by FAMCO. HMA may only allege any infringement or violation of the Consent Judgment by FAMCO if HMA has reliable, credible, and admissible evidence that the infringing acts were actually performed by or on behalf of FAMCO.


7.     Within ten (10) days following execution of this Consent Judgment, any and all molds in the possession, custody or control of FAMCO used to manufacture '987 Carbide Chips and/or '167 Mills shall be provided to HMA, destroyed or permanently altered to make such molds unusable for the manufacture of '987 Carbide Chips and/or '167 Mills.

8.     This Court retains jurisdiction of this matter as necessary to resolve disputes, if any, arising between the parties insofar as it relates to compliance with the terms of this Consent Judgment.

9.     This Judgment is a final judgment with respect to all matters pled in this civil action. All claims, counterclaims, and third-party claims that were or could have been asserted in this civil action are hereby dismissed with prejudice.

The parties hereto waive any right to appeal from this Judgment and any right to challenge it in any way.

SO ORDERED, this _13_ day of _____, 2015.

_____
JUDGE, UNITED STATES DISTRICT COURT

CONSENTED AND AGREED TO:

FAMCO MACHINE SHOP

By: _____

Title: _Presifent_

Date: _5/21/2015_

HARD METAL ADVANTAGE, LLC

By: _Duane Dunmatre_

Title: _OWNER_

Date: _5-21-15_